IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DELFONTA PEACOCK**

      **Petitioner,**

**vs.**                    **Case No. 4:13cv122-RH/CAS**

**MICHAEL D. CREWS, Secretary**
**of Florida Department of Corrections**

      **Respondent.**

                                   /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On March 7, 2013,[1] Petitioner Delfonta Peacock, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction and sentence as amended on April 25, 2006, and originally imposed by the Second Judicial Circuit Court, Leon County on June 9, 1997, following a plea agreement. *Id.*; Doc. 13 Ex. D at 1-2, Ex. E at 1-26, Ex. F at 1-8. Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 13. Petitioner filed a reply, arguing that his

---

[1] Although Petitioner indicates that he signed his § 2254 petition on March 7, 2013, Respondent argues that the appropriate filing date was March 13, 2013, citing to the Florida Administrative Code's "mailbox rule." *See* Doc. 13 at 14 n.3. However, Petitioner signed and submitted to prison officials the envelope in which he mailed his § 2254 petition, located in this Court's file, on March 7, 2013. Thus, Petitioner's § 2254 petition is considered to be filed on March 7, 2013, pursuant to AEDPA's mailbox rule. *See* Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) ("A *pro se* prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." (citing Houston v. Lack, 487 U.S. 266 (1988))).

Page 2 of 10

§ 2254 petition should not be dismissed as untimely on the grounds that he is entitled to equitable tolling. Doc. 14 at 3-4.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By superseding indictment filed on May 29, 1996, the State of Florida charged Petitioner in Leon County Circuit Court case number 961477AF with one count of first degree murder and another count of kidnaping with intent to commit or facilitate the commission of a felony. Doc. 13 Ex. C at 1-3. On June 9, 1997, Petitioner entered a plea of guilty in the state circuit court, subject to a specific plea agreement. Doc. 13 Ex. D at 1-2. On the same day, the circuit court adjudicated Petitioner guilty as charged on both counts, sentencing him on count one to life in state prison without possibility of parole for twenty-five years, and on count two to twenty-five years in state prison, running concurrently with count one. Doc. 13 Exs. E at 22, F at 1-8. As to the plea agreement, the circuit court noted, "[I]f this sentence for some reason is reversed on appeal, then you'll come back for another sentencing in which you will be sentenced to second degree murder and kidnapping with the sentence that will be imposed at that time for second degree murder to be 40 years in the Department of

Corrections to run concurrent with a 25-year sentence on the kidnapping charge." Doc. 13 Ex. E at 23.

Petitioner did not file a direct appeal.  Starting on February 24, 1998, Petitioner filed five separate, unsuccessful post-conviction motions in state court over the course of approximately seven years.  *See* Doc. 13 Exs. H1, I1, J1, K1, L1.  On September 28, 2005, Petitioner filed his sixth post-conviction motion, a motion to correct an illegal sentence, in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.800(a).  Doc. 13 Ex. M1. Petitioner argued in this motion that "he pled to a sentence of life imprisonment with the possibility of parole in 25 years; however, under the requisite sentencing statutes in place at the time of his offense, a conviction for a capital felony barred any possibility of parole." *Id.*; Peacock v. State, 927 So. 2d 65 (Fla. 1st DCA 2006).  The state circuit court denied Petitioner's Rule 3.800(a) motion, and he appealed to the First District Court of Appeal (DCA).  Doc. 13 Ex. M3.  On April 5, 2006, the First DCA reversed and remanded, stating that Petitioner is "correct in his assertion that he pled to an illegal sentence[,]" and that he is "entitled to have his judgment and sentence amended to second-degree murder (count 1) and kidnaping (count 2) and a term of 40 years' imprisonment should be imposed on each count, to run concurrently." Peacock, 927 So. 2d at 66; Doc. 13 Ex. M4 at 1-3; online docket for 1D05-5802 at www.1dca.org.  On April 25, 2006, the state circuit court issued its order pursuant to the First DCA's decision and amended Petitioner's sentence to two concurrent forty-year terms of imprisonment.  Doc. 13 Ex. N.  Petitioner did not appeal.

Beginning on June 15, 2006, Petitioner filed two more, unsuccessful post-conviction motions in the state circuit court over the course of a year.  *See* Doc. 13 Exs. O1, P1.  Then,

on December 8, 2008, Petitioner filed a Rule 3.800(a) motion to correct an illegal sentence in the state circuit court.  Doc. 13 Ex. Q1.  Although that court denied Petitioner's motion on October 6, 2009, it acknowledged that, on April 25, 2006, it incorrectly ordered a concurrent forty-year sentence for count two.  Doc. 13 Ex. Q2.  As such, the court ordered that Petitioner's "judgment and sentence form shall be amended to reflect a sentence of 25 years of DOC incarceration for Count 2 (Kidnapping) to run concurrently with [Petitioner's] 40-year sentence for Count 1 (Second Degree Murder)."  Id. at 5.  In light of this order, on October 23, 2009, the state circuit court filed an amended judgment and sentence, and on the same day, Petitioner appealed to the First DCA.  Doc. 13 Exs. R, Q3.  The First DCA issued a per curiam affirmance without opinion on April 7, 2010, and the mandate issued on May 4, 2010. Peacock v. State, 32 So. 2d 626 (Fla. 1st DCA 2010) (table); Doc. 13 Exs. Q3 at 2-3; online docket for 1D09-5492 at www.1dca.org.

On August 24, 2011, Petitioner filed another post-conviction motion in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850, which that court denied on May 14, 2012.  Doc. 13 Exs. S1, S2.  Petitioner appealed to the First DCA, and that court issued a per curiam affirmance without opinion on October 5, 2012.  Peacock v. State, 100 So. 3d 682 (Fla. 1st DCA 2012) (table); Doc. 13. Ex. S3 at 1-3.  The mandate issued on December 7, 2012.  Doc. 13 Ex. S3 at 4; online docket for 1D12-2616 at www.1dca.org.

Although Petitioner had not filed a post-conviction motion in federal court, on December 20, 2012, he filed an application for leave to file a second or successive § 2254 petition in the Eleventh Circuit Court of Appeals.  Doc. 13 Ex. T1.  The Eleventh Circuit denied Petitioner's application in case number 12-16511 as unnecessary.  Doc. 13 Ex. T2.

As indicated above, Petitioner filed his § 2254 petition on March 7, 2013.  Doc. 1.

Petitioner raises two grounds, arguing that the "[t]rial court erred where it knowingly accepted

[a] defective plea for first and second degree murder[,]" and that the "[First DCA] erred when

it remanded for [the] trial court to resentence to [the] alternate sentence."  *Id.* at 4.  On

November 18, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely,

and also argues that the state circuit court's amendments of Petitioner's sentence did not

restart the AEDPA limitations period.  Doc. 13.  Petitioner filed a reply on December 17,

2013, conceding that his § 2254 petition is untimely, but arguing that extraordinary

circumstances entitle him to equitable tolling.  Doc. 14.

### Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-

year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  This period

generally runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review[,]" though there are later

commencement dates.  *Id.* at § 2244(d)(1)(A).[2]  The limitations period is tolled for the time

during which a "properly filed" application for postconviction relief or other collateral review is

pending in state court.  *Id.* at § 2244(d)(2).

---

[2]Later dates which may commence the limitations period are the date on which (1) an
unconstitutional impediment which prevented the applicant from filing is removed; (2) the
constitutional right asserted was recognized by the United States Supreme Court and made
retroactive on collateral review; and (3) the factual predicate for the claim could have been
discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner does not argue any
of the foregoing exceptions apply.

        In this case, Respondent argues that the state circuit court's amendments of
Petitioner's sentence did not restart the one-year AEDPA limitations period, *see supra* page
5.  As explained below, even assuming the last amendment restarted the clock, Petitioner's
§ 2254 petition is untimely.  "[W]hen a petitioner is resentenced after AEDPA's one-year
statute of limitations has expired for the original judgment of conviction and sentence, the
judgment entered upon resentencing constitutes a new judgment holding the petitioner in
confinement."  <u>Murphy v. United States</u>, 634 F.3d 1303, 1311 (11th Cir. 2011).  "A new
judgment resets the statute of limitations clock and a petitioner may challenge both the
underlying conviction and the resentencing."  *Id.*  If a petitioner appeals the new judgment, it
becomes final upon issuance of the mandate.  *See* <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d
1286, 1288, 1292-93 (11th Cir. 2007) (explaining that petitioner was resentenced after filing
post-conviction motion "and the mandate finalizing that judgment issued on April 14, 2003,"
and therefore his § 2254 petition challenging conviction and sentence "was timely because
he filed it 57 days after the April 14, 2003 judgment became final, well within the statute of
limitations"); *cf.* <u>Stites v. Sec'y, Dep't of Corr.</u>, 278 F. App'x 933 (11th Cir. 2008) (holding that
the appropriate start time for AEDPA's limitations period upon a resentencing is the date of
the resentencing judgment as mandated by <u>Ferreira</u>).

        Assuming Petitioner's limitations period completely restarted after the First DCA
issued its mandate on May 4, 2010, affirming the circuit court's final amendment of his
sentence, the AEDPA limitations period expired one year later, on May 4, 2011.  *See, e.g.*,
<u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period
according to "anniversary method," under which limitations period expires on anniversary of

date it began to run); <u>Ferreira</u>, 494 F.3d at 1289 n.1 (applying anniversary date analysis). By the time Petitioner filed his Rule 3.850 motion on August 24, 2011, there was no AEDPA time remaining to be tolled. *See, e.g.*, <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the § 2254 petition filed March 7, 2013, is untimely.

Petitioner argues that his § 2254 petition should not be dismissed as untimely because the State placed him in disciplinary confinement on three different occasions without access to his legal materials, constituting extraordinary circumstances and entitling him to equitable tolling. *See supra* page 5. The one-year AEDPA limitations period may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." <u>Diaz v. Sec'y, Dep't of Corr.</u>, 362 F.3d 698, 702 (11th Cir. 2004).

Petitioner's separation from his legal materials during his disciplinary confinement is insufficient, on its own, to establish extraordinary circumstances. *See* <u>Miller v. Florida</u>, 307 F. App'x 366 (11th Cir. 2009) (holding that petitioner's close-management status in prison, which purportedly prevented him from accessing the prison library, consulting with prison law clerks, and accessing legal assistance did not constitute extraordinary circumstances for purposes of equitable tolling); *see also* <u>Dodd v. United States</u>, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[P]eriods in which a prisoner is separated from his legal papers are not 'extraordinary

circumstances' in which equitable tolling is appropriate." (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000))).  Additionally, Petitioner has not shown, nor does he argue, that he diligently pursued his rights under the AEDPA.  *See* <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must establish his own diligence in complying with the AEDPA limitations period).

Petitioner has not carried his burden of showing that he diligently pursued his rights under the AEDPA, or that some extraordinary circumstances kept him from timely filing his § 2254 petition.  *See* <u>Hutchinson</u>, 677 F.3d at 1099 (noting that petitioner has the burden of establishing the right to equitable tolling of the AEDPA limitations period).  Instead, Petitioner claims that his circumstances were "extraordinary" without alleging any specific facts to show that he could not actually file a timely § 2254 petition.  *See* <u>Chavez v. Sec'y., Fla. Dept. of Corr.</u>, 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory).  Thus, Petitioner is not entitled to equitable tolling.

### Conclusion

In sum, the § 2254 petition is untimely.  Additionally, Petitioner did not demonstrate the applicability of any exception to the AEDPA's one-year limitation period.  Thus, the Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[3]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[3] It is recommended that the petition be dismissed solely on the procedural basis of timeliness.  As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 13) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2014.


**s/  Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**