IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DELFONTA PEACOCK,

    Petitioner,

v.                                    CASE NO. 4:13cv122-RH/CAS

MICHAEL D. CREWS,

    Respondent.

_____/


## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Delfonta Peacock challenges his Florida state-court conviction and sentence. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 15. No objections have been filed.

I

The full procedural history is set out in the report and recommendation and is not repeated here. Although Mr. Peacock pleaded guilty and was sentenced in 1997, an amended judgment—the one on which Mr. Peacock is now in custody—was entered on October 23, 2009. Mr. Peacock appealed that judgment. The

Florida First District Court of Appeal affirmed the judgment by an order entered on April 7, 2010.  The mandate issued on May 4, 2010.  The deadline for filing a petition for a writ of certiorari in the United States Supreme Court was July 6, 2010 (90 days after the April 7 order).

The limitations period for filing a § 2254 petition is one year.  *See* 28 U.S.C. § 2244(d)(1).  Here the limitations period ran from July 6, 2010, the deadline for filing a certiorari petition.  *See id.* §2244(d)(1)(A) (stating that the limitations period runs from the latest of four dates, including "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*") (emphasis added); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that "the time for seeking such review" includes the time for filing a petition for a writ of certiorari in the United States Supreme Court).  The period expired on July 6, 2011, because during the year ending at that time, no properly filed state-court application for collateral relief was pending, nor did anything else toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2).  As properly analyzed in the report and recommendation, Mr. Peacock's assertion of equitable tolling is unfounded.

In sum, this petition is untimely.

.

Case 4:13-cv-00122-RH-CAS   Document 16   Filed 05/12/14   Page 3 of 4

Page 3 of 4

II

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Case No. 4:13cv122-RH/CAS

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

### III

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is ACCEPTED.

    2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

    3. A certificate of appealability is DENIED.

    4. Leave to appeal in forma pauperis is DENIED.

    5. The clerk must close the file.

SO ORDERED on May 9, 2014.

                          s/Robert L. Hinkle
                          United States District Judge